IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SOHAIL ABDULLA,                  *
                                 *
        Plaintiff,               *
                                 *
        vs.                      *    CV 114-008
                                 *
AYAZ CHAUDHARY and ALIYA         *
CHAUDHARY,                       *
                                 *
        Defendants.              *

---

O R D E R

---

Before the Court are Defendants' motions for summary
judgment. (Doc. nos. 28 & 29.) For the reasons stated herein,
the motions are **GRANTED**.

## I. BACKGROUND

### A. Factual History

### 1. The Contract

On May 12, 2005, Plaintiff Sohail Abdulla ("Plaintiff")
and Defendant Ayaz Chaudhary ("Dr. Chaudhary") entered into a
written agreement ("the Contract") to jointly invest in real
estate in the Augusta, Georgia area. (Am. Compl., Ex. A.) Dr.
Chaudhary drafted the one-page Contract, then Plaintiff and
Dr. Chaudhary signed it. Dr. Chaudhary's wife, Defendant Aliya
Chaudhary ("Mrs. Chaudhary"), signed the Contract as a
witness. Although the Contract states that Plaintiff and Dr.

Chaudhary are both residents of Augusta, Georgia, Plaintiff was a resident of South Carolina at the time he filed the Complaint on January 13, 2014. (Am. Compl., Ex. A; Compl. ¶ 1.) The Contract in its entirety provides as follows:

This is the agreement between Sohail Abdulla and Ayaz Chaudhary, both residents of Augusta, Georgia.

- Each person named above represent an individual party. Both parties agree on the following:

  - Both parties agree to form a LLC (which will be named and registered) later to buy the following properties.

    1. Corner plot at Washington Road and Halali Farm Road, parcel no. 066 065B.

    2. Plot on Washington Road next to Target Shopping Center, 4269 Washington Road.

    3. Property at 3415 ½ Wrightsboro Road.

    4. Property at 2952 Tobacco Road, 2138 and 2942 Old Tobacco Road.

- Each party will invest at least two hundred and sixty thousand dollars.

- Both parties will be equal partners on above-mentioned properties.

  - Any profit or further buying of property based on above mentioned properties or putting above mentioned properties as collaterals will be equally divided or invested between Sohail Abdulla and Ayaz Chaudhary.

  - Maximum amount invested by Ayaz Chaudhary will be two hundred and sixty thousand dollars to be equal partners with Sohail

2

Abdulla in above mentioned properties.

- Buying of the above properties is guaranteed by Sohail Abdulla.

- Ayaz Chaudhary will give two hundred and sixty thousand dollars to Sohail Abdulla to buy the above named properties.

The LLC formed between two parties are for the properties mentioned above but any further properties can be added with both parties mutual agreement.

If a new property is attractive to one party, always give a choice to the other party to be a part of the buying of the new property in writing. If the other party is not interested than [sic] original party has the right to buy its own without involvement of LLC.

- Each party/partner will participate in bank notes to purchase properties.

- In case of death of either partner, the surviving partner will equally distribute the assets between him and deceased partners family.

- Both parties can form more than one LLC with each other, individually or with other person.

- First right of refusal will be applicable after the above properties deal.

Sohail Abdulla

//signature//

                              Witness:
                              //Mrs. Chaudhary's signature//
Ayaz Chaudhary              5/12/05

//signature// 5/12/05


(Am. Compl., Ex. A.)

3

On the same day, the parties added an addendum to the Contract that characterizes Dr. Chaudhary's $260,000.00 investment as a loan to Plaintiff. (Pl. Dep., Ex. 11.) The text of the Addendum is set forth here in its entirety.

AGREEMENT

I, Ayaz Chaudhary, am lending Sohail Abdulla $260,000 and as a security Sohail Abdulla will collateral the property owned by him at 3415 ½ Wrightsboro Road for the loan.

Ayaz Chaudhary: //signed//          Date: 5-12-2005

Sohail Abdulla: //signed//

Witness: //Aliya A. Chaudhary's signature// 5/12/05

Notary [blank]          Check #111 BOA
                        Worth $220,000

(Id.) Dr. Chaudhary asserts that the Addendum was added to the Contract to evidence Plaintiff's agreement to return Dr. Chaudhary's promised $260,000.00 investment if they did not profit from the four properties to be jointly purchased under the Contract. (Dr. Chaudhary Aff. ¶¶ 6-7.)

On the day the Contract and Addendum were executed, the parties formed Net Assets, LLC ("Net Assets") to purchase the properties identified in the Contract. (Pl. Dep. at 10-13; Dr. Chaudhary Dep. at 24-25; Pl. Resp. to Mot. for Sanctions, Ex. A.) However, Net Assets never acquired the properties. (Pl. Dep. at 10-15, 39-40; Dr. Chaudhary Dep. at 24-25, 35, 43, 60, 63.) On May 13, 2010, Dr. Chaudhary voluntarily dissolved Net

Assets. (Pl. Resp. to Mot. for Sanctions, Ex. B.)

    2. Dr. Chaudhary's Payments to Plaintiff

On or about May 12, 2005, Dr. Chaudhary provided a check to Plaintiff in the amount of $220,000.00. (Dr. Chaudhary Aff. ¶ 8; Pl. Dep., Ex. 12.) On or about May 26, 2005, Dr. Chaudhary wrote another check to Plaintiff in the amount of $20,000.00. (Dr. Chaudhary Aff. ¶ 9; Pl. Dep., Ex. 16.) Dr. Chaudhary made these payments to partially fulfill his agreement under the Contract and Addendum to loan Plaintiff $260,000.00.

    3. The Halali Farm Road Property

The first parcel of real estate listed in the Contract is the "corner plot at Washington Road and Halali Farm Road, parcel no. 066065B" ("the Halali Farm Road property"). (Am. Compl., Ex. A.) On June 15, 2005, approximately one month after the parties signed the Contract, Dr. Chaudhary purchased the Halali Farm Road property in his own name. (Dr. Chaudhary Aff. ¶ 10; Pl. Dep., Ex. 18.) Plaintiff signed the warranty deed for that property as a witness. (Pl. Dep., Ex. 18.) Dr. Chaudhary paid closing costs in the amount of $1,080.96, executed a deed to secure debt to Southern Bank covering the Halali Farm Road property, and signed a promissory note in favor of Southern Bank in the amount of $1,022,747.47. (Dr. Chaudhary Aff. ¶¶ 10-12; Pl. Dep, Exs. 17, 19 & 20.)

On or about March 20, 2008, Dr. Chaudhary conveyed an easement across the Halali Farm Road property to the Georgia Department of Transportation and received consideration in the amount of $78,200.00. (Dr. Chaudhary Aff. ¶ 17 & Ex. A.) Plaintiff received no funds from that sale. (Id. ¶ 17; Dr. Chaudhary Dep. at 89.)

On or about November 9, 2009, Dr. Chaudhary paid off the Southern Bank loan when he refinanced the Halali Farm Road property with Security Federal Bank. (Dr. Chaudhary Aff. ¶ 16; Pl. Dep., Ex. 23.) On the same day, he conveyed the property to Pappay, LLC, an LLC owned by him, (Dr. Chaudhary Aff. ¶ 18 & Ex. B.) which then immediately conveyed the property to Mrs. Chaudhary in fee simple. (Id. ¶ 21 & Ex. E.) Plaintiff received no funds from that transaction. (Id.) Mrs. Chaudhary subsequently conveyed the Halali Farm Road property on or about May 18, 2012 to NAR Properties, LLC, a limited liability company, owned by her. (Id. ¶ 22 & Ex. F.)

Plaintiff never owned an interest in the Halali Farm Road property. (Pl. Dep. at 57.) However, he paid $191,219.29 toward the Halali Farm Road property note to Southern Bank. (Dickey Dep., Ex. 49.) Of that amount, Plaintiff paid $18,632.82 from his personal account (Id. at SB000080 & 82.), with the balance paid through Sportsman's Link, Inc., a corporation owned by Plaintiff, or Rock Moss Farms, an account owned by Plaintiff

and his brother. (Id. at SB000064-79, 86, 87, 93-97.) Plaintiff also paid other expenses related to the Halali Farm Road property, including $8,328.87 in taxes for 2005 and $12,957.77 in taxes for 2006. (Am. Compl. ¶ 15; Pl. Resp. to Interrog.) He paid $187,500.00 as a down payment on the property and approximately $50,000.00 for improvements to the land. (Am. Compl. ¶¶ 13 & 14.)

5. The Washington Road Property

The second parcel of real estate listed in the Contract is the "[p]lot on Washington Road next to Target Shopping Center, 4269 Washington Road" ("the Washington Road property"). (Am. Compl., Ex. A.) On May 31, 2005, nearly three weeks after the parties signed the Contract, Why Pay More, LLC, an LLC owned by Plaintiff, purchased the Washington Road property. (Pl. Dep, Ex. 29; Dr. Chaudhary Aff. ¶ 24.) On the same day, Why Pay More, LLC executed a deed to secure debt to Georgia Bank & Trust Company of Augusta ("GB&T") in the amount of $1,718,660.00. The Security Deed covered the Washington Road property, along with the Wrightsboro Road and Tobacco Road properties. (Pl. Dep., Ex. 30.) On or about December 5, 2008, GB&T foreclosed on the Washington Road property due to the failure of Why Pay More, LLC to pay its indebtedness to GB&T. (Pl. Dep., Ex. 33; Dr. Chaudhary Aff. ¶ 26.) Dr. Chaudhary never owned an interest in Why Pay More, LLC and never owned an

interest in the Washington Road property. (Pl. Dep. at 48-49; Dr. Chaudhary Aff. ¶ 25.)

## 6. The Wrightsboro Road Property

The third parcel of real estate listed in the Contract is the "property at 3415 ½ Wrightsboro Road" ("the Wrightsboro Road property"). (Am. Compl., Ex. A.) On April 19, 2005, approximately one month before the parties signed the Contract, Plaintiff purchased the property in his own name for $140,000.00. (Pl. Dep., Ex. 26; Dr. Chaudhary Aff. ¶ 31.) On December 29, 2005, Plaintiff sold the property for $150,000.00. (Pl. Dep., Ex. 27; Dr. Chaudhary Aff. ¶ 32.) Dr. Chaudhary never had an ownership interest in the Wrightsboro Road property and did not receive any funds from the December 29 sale. (Dr. Chaudhary Aff. ¶¶ 32 & 33.)

## 7. The Tobacco Road Properties

The fourth listing of real estate in the Contract is the "property at 2952 Tobacco Road, 2138 and 2942 Old Tobacco Road" ("the Tobacco Road properties"). (Am. Compl., Ex. A.) On May 3, 2005, approximately one week before the parties signed the Contract, Plaintiff purchased these properties in his own name. (Pl. Dep., Ex. 24; Dr. Chaudhary Aff. ¶ 27.) On January 3, 2006, Plaintiff executed and delivered to First Bank of Georgia a deed to secure debt on the properties. (Pl. Dep., Ex. 25.; Dr. Chaudhary Aff. ¶ 28.) On October 7, 2008, First Bank

of Georgia foreclosed on the properties. (Pl. Dep., Ex. 25.; Dr. Chaudhary Aff. ¶ 28.) Dr. Chaudhary never had an ownership interest in the Tobacco Road properties. (Dr. Chaudhary Aff. ¶ 29.)

### 8. Plaintiff's Demand for an Accounting

On an unspecified date in the summer of 2012, Plaintiff confronted Dr. Chaudhary and demanded a payout of Plaintiff's share of the partnership assets. (Pl. Dep. at 88; Dr. Chaudhary Dep. at 72-73.) Dr. Chaudhary rejected the request because the Contract "never went through." (Dr. Chaudhary Dep. at 72-73.) He insisted that he did not owe Plaintiff any money because Plaintiff did not fulfill his duty under the Contract to acquire the four listed properties in a jointly owned LLC. (Id.)

### B. Procedural History

On January 13, 2014, Plaintiff filed a diversity suit against Dr. Chaudhary alleging breach of contract, a quantum meruit claim, and breach of fiduciary duty. He also alleged a quantum meruit claim against Mrs. Chaudhary. On December 10, 2014, Defendants each filed a motion for summary judgment. (Doc. nos. 28 & 29.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." <u>U.S. v. Four Parcels of Real Prop.</u>, 941 F.2d 1428, 1437 (11th Cir. 1991) (<u>en banc</u>)(internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See <u>Clark v. Coats & Clark,</u>

10

Inc., 929 F.2d 604, 606-08 (11th Cir. 1991). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997)(per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged

11

evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

The Clerk has given the non-moving party notice of the motions for summary judgment and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. no. 31.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985)(per curiam), are satisfied. The time for filing materials in opposition has expired, and the motions are ripe for consideration.

**B. Plaintiff's Claim Against Dr. Chaudhary for Breach of Contract**

Plaintiff alleges that Dr. Chaudhary breached the Contract when he failed to give Plaintiff any proceeds from the sale of the easement across the Halali Farm Road property in March 2008. He also alleges that Dr. Chaudhary breached the Contract when he refinanced the Halali Farm Road property in November 2009 and did not share the proceeds of that transaction with Plaintiff. Finally, Plaintiff alleges that Dr. Chaudhary breached the Contract when he refused in 2012 to pay Plaintiff his share of the partnership assets.

To constitute a valid contract under Georgia law, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate. O.C.G.A. § 13-3-1. The elements for a breach of contract claim in Georgia are (1) the breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken. Uhlig v. Darby Bank & Trust Co., 556 F. Appx. 883, 887 (11th Cir. 2014)(citing Uwork.com, Inc. v. Paragon Techs., Inc., 321 Ga. App. 584, 590 (2013)). A breach occurs if a contracting party repudiates or renounces liability under the contract, fails to perform the engagement as specified in the contract, or does some act that renders performance impossible. Uwork.com, Inc. 321 Ga. App. at 590. When a court construes contractual terms to determine if a breach has occurred, "the cardinal rule of contract construction is to ascertain the intention of the parties." Id. If the contractual terms are plain and unambiguous, those terms alone determine the parties' intent. Id. "Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words." C. Brown Trucking Co. Inc. v. Henderson, 305 Ga. App. 873, 884 (2010); see O'Neil-Dunham, Inc. v. Pearson, 109 Ga. App. 857, 858 (1964)("[W]here there

13

has been an abandonment of the contract by both parties, no contract exists and neither of the parties can recover for its breach by the other."); see also Holloway v. Giddens, 239 Ga. 195, 196-97 (1977) overruled on other grounds (holding that the circumstances surrounding the sending and cashing of a refund check are adequate to show that both parties intended to walk away from the contract, which was thereby rescinded).

Inherent in Plaintiff's position that Dr. Chaudhary's sale of the easement in March 2008 constituted a breach is the assertion that the Contract was still enforceable at that time. However, events which took place soon after the parties signed the Contract cast doubt on that assertion. On May 31, 2005, Why Pay More, LLC, an entity solely owned by Plaintiff, purchased the Washington Road property. Approximately three weeks prior to that purchase, the parties agreed in the Contract to buy that property and other properties in the name of their jointly owned LLC - Net Assets. Indeed, on the day the Contract was executed, the parties formed Net Assets precisely for that purpose. Nonetheless, Plaintiff bought the Washington Road property in the name of his solely owned LLC three weeks later. Further, there is no record that Dr. Chaudhary objected to this sharp deviation from a key term of the Contract.

Also, nearly one month after the parties signed the Contract and jointly formed Net Assets to purchase certain

properties, Dr. Chaudhary bought the Halali Farm Road property in his own name. Like Plaintiff's purchase of the Washington Road property in the name of Why Pay More, LLC, Dr. Chaudhary's action was a material deviation from the Contract. Far from objecting, Plaintiff assisted in the purchase as a witness and contributed significant personal capital to the property in the form of a down payment, mortgage payments, and improvements to the land though he was not legally required to do so.

The sale of the Wrightsboro Road property is also an indicator that the parties no longer considered themselves bound by the Contract in March 2008. Plaintiff purchased the property in his own name one month before signing the Contract. Then, rather than transferring the property to Net Assets pursuant to the Contract, Plaintiff sold it to a third party on December 29, 2005. There is no evidence that Dr. Chaudhary attempted to prohibit the sale or urge Plaintiff not to sell the property to a third party rather than Net Assets.

The first term in the Contract is that, "[b]oth parties agree to form a LLC (which will be named and registered) later to buy the following properties." (Am. Compl., Ex. A.) The one-page Contract then refers to the LLC three times in the course of outlining other terms and conditions. This shows that buying the enumerated properties in the name of a jointly owned business entity - rather than by some other means - was not

only important to the parties but was the defining characteristic of their chosen business model. They assented to this key term as evidenced by their signatures, then formed Net Assets on the same day for the purpose of acquiring the real property. However, the record clearly demonstrates that they mutually abandoned the idea in the weeks and months following their agreement. To the extent that the parties continued their partnership after mutually abandoning the Contract, the Court finds that the partnership was no longer governed by the Contract. Thus, the Contract was not enforceable when Dr. Chaudhary sold the easement on the Halali Farm Road property in 2008, refinanced the property in 2009, or refused to pay Plaintiff his share of the alleged partnership assets in 2012. Dr. Chaudhary is therefore entitled to summary judgment on Plaintiff's breach of contract claim.

### C. Plaintiff's Claim Against Dr. Chaudhary and Mrs. Chaudhary for Quantum Meruit

Plaintiff also alleges that he paid monies to Defendants for use in purchasing properties in Columbia County, Georgia, that these monies were necessary and valuable to Defendants in purchasing these properties, but that Defendants never provided any compensation or payment to Plaintiff for such monies. Plaintiff urges under a quantum meruit theory that Defendants should be required to pay Plaintiff for all monies paid pursuant to the joint venture. Plaintiff makes no distinction

16

in this cause of action between Dr. Chaudhary and Mrs. Chaudhary, and states in response to Defendants' motions for summary judgment that this claim in equity is the only claim he brings against Mrs. Chaudhary. Defendants argue that this claim is barred by a four-year statute of limitations.

The statute of limitations for a claim based upon quantum meruit is four years. Burns v. Dees, 252 Ga. App. 598, 607 (2001)(affirming trial court finding that claims for quantum meruit and unjust enrichment were barred by the four-year statute of limitations in O.C.G.A. § 9-3-26); Parks v. Brissey, 114 Ga. App. 563, 564 (1966)(quantum meruit claim "clearly comes under the four year limitation"). Notably, Plaintiff does not provide dates in his allegations under this claim and does not challenge Defendants' assertion that Plaintiff paid no monies to them after 2008. The record reflects that all relevant funds Plaintiff paid to Defendants were paid between May 2005 when the parties signed the Contract and August 2008. Thus, his claim is barred by the four year statute of limitations. Summary judgment on this claim is proper for Defendants.

**D. Plaintiff's Claim Against Dr. Chaudhary for Breach of Fiduciary Duty**

Plaintiff alleges breach of fiduciary duty as a third cause of action against Dr. Chaudhary. He asserts that this fiduciary duty was required by the Contract and is inherent in

17

every partner relationship. His partner breached his duty, Plaintiff alleges, by (1) failing to protect Plaintiff's interests in the real property purchased pursuant to the Contract; (2) failing to protect Plaintiff's interests in the partnership; (3) self-dealing in selling the real property purchased pursuant to the partnership without Plaintiff's consent; and (4) self-dealing in selling the real property purchased pursuant to the partnership and failing to pay the proceeds from those sales to Plaintiff.

To support a claim of breach of fiduciary duty, a plaintiff must prove the existence of such duty, breach of that duty, and damages proximately caused by the breach. Wright v. Apartment Inv. and Management Co., 315 Ga. App. 587, 594 (2012). As for Plaintiff's position that the Contract created a fiduciary duty, the Court finds as discussed above that Plaintiff abandoned the Contract soon after it was executed. The first indicator of abandonment was Plaintiff's apparently self-serving conduct with regard to the Washington Road property. As noted, he purchased that property in the name of his solely owned LLC nineteen days after he agreed to purchase that property jointly with Dr. Chaudary in the name of Net Assets. There is no evidence that Plaintiff consulted Dr. Chaudary or obtained his consent prior to acquiring this property in a manner inconsistent with the terms of the Contract. Later that year, Plaintiff again showed disregard for

18

any fiduciary relationship flowing from the Contract when he sold the Wrightsboro Road property to a third party for $10,000.00 more than the original purchase price rather than transferring it to Net Assets. Plaintiff does not explain how this transaction protected Dr. Chaudhary's interests and offers no evidence that he shared a portion of the profits with Dr. Chaudary. Despite Plaintiff's self-serving conduct and disregard of the key terms of the Contract in relation to the Washington Road and Wrightsboro Road properties in 2005, he insists that Dr. Chaudhary's sale of an easement across the Halali Farm Road property in 2008 and refinancing of that property in 2009 were self-dealing and a breach of a fiduciary duty allegedly flowing from the Contract. However, as discussed above, the parties had already mutually abandoned the Contract when Dr. Chaudary sold the easement and refinanced the property such that the Contract and any fiduciary duties created by the Contract no longer governed the conduct of either party.

Plaintiff also alleges that the partnership, rather than the Contract, was the source of a fiduciary duty. "A partnership is an association of two or more persons to carry on as co-owners a business for profit. . . ." O.C.G.A. § 14-8-6(a). Factors that indicate the existence of a partnership include a common enterprise, the sharing of risk, the sharing of expenses, the sharing of profits and losses, a joint right of control over the business, and a joint ownership of capital.

<u>Aaron Rents, Inc. v. Fourteenth Street Venture, L.P.</u>, 243 Ga. App. 746, 747 (2000)(holding that partnership exists where parties purchase property jointly and participate in the profits and losses). Once formed, a partnership creates a fiduciary duty between the partners. <u>AAF-McQuay, Inc. v. Willis</u>, 308 Ga. App. 203, 211 (2011)("Partners owe fiduciary duties to one another to act in the utmost good faith and with the finest loyalty."). Here, the parties clearly expressed their intention to form a partnership in the Contract. However, the record reflects that they abandoned that intent soon after they executed the Contract. Despite their written agreement, they never co-owned a business and never purchased property jointly or in an entity jointly owned by them. Dr. Chaudhary, Mrs. Chaudhary, or an entity solely owned by her owned the Halali Farm Road property at all relevant times. Plaintiff had no ownership interest in that property, although he voluntarily made a down payment, mortgage payments, and improvements to the land. Plaintiff or entities solely owned by him owned the other three properties listed in the Contract. Dr. Chaudhary never owned an interest in any of those properties. Although the Contract contemplated a partnership, that business relationship never developed as envisioned and the parties quickly abandoned the agreement that would have governed that relationship. The Court finds that, to the extent a partnership existed which created a fiduciary duty, that duty no longer existed at the

time of the alleged breaches. Summary judgment is proper for Dr. Chaudhary on this claim.

### III. CONCLUSION

Upon the foregoing, the Court finds that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law on each of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Dr. Chaudhary's motion for summary judgment (doc. no. 28) and Mrs. Chaudhary's motion for summary judgment (doc. no. 29) are **GRANTED**. The Clerk is directed to enter Judgement in favor of Defendants and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _21ST_ day of July, 2015.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia